Dear Mr. Kohl:
You have requested my opinion on substantially the following question:
Does section 501.0117, Florida Statutes, prohibit a municipal utility from imposing a surcharge for a customer's use of a credit card to pay a utility bill?
Section 501.0117, Florida Statutes, provides:
"A seller or lessor in a sales or lease transaction may not impose a surcharge on the buyer or lessee for electing to use a credit card in lieu of payment by cash, check, or similar means, if the seller or lessor accepts payment by credit card. A surcharge is any additional amount imposed at the time of a sale or lease transaction by the seller or lessor that increases the charge to the buyer or lessee for the privilege of using a credit card to make payment. Charges imposed pursuant to approved state or federal tariffs are not considered to be a surcharge, and charges made under such tariffs are exempt from this section. The term `credit card' includes those cards for which unpaid balances are payable on demand. This section does not apply to the offering of a discount for the purpose of inducing payment by cash, check, or other means not involving the use of a credit card, if the discount is offered to all prospective customers."
A violation of this section is a misdemeanor of the second degree.[1]
Section 501.0117, Florida Statutes, refers generally to sellers or lessors and does not distinguish between a governmental seller and a private one. Statutory provisions written in general language that would make them applicable both to the government and to private parties are subject to a presumptive rule of construction which exempts the government from application of the statute unless it is specifically made subject.[2] Therefore, section 501.0117, Florida Statutes, does not apply to municipal utilities. It would, however, appear to prohibit private utilities from imposing a surcharge for use of a credit card for payments.
There is a specific statute that governs the acceptance of credit cards by governmental entities including municipalities. Section215.322, Florida Statutes, regulates the acceptance of credit cards by state agencies and units of local government, and has been considered in a number of opinions issued by this office. Section 215.322(1), Florida Statutes, expresses the intent of the Legislature to encourage local governments (among others) to make transacting business with the public more convenient through the "acceptance of payments by credit cards, charge cards, and debit cards to the maximum extent practicable when the benefits to the participating agency and the public substantiate the cost of accepting these types of payments." The statute makes specific provision for the acceptance of credit card payments and assessment of a service charge by local governmental entities:
"A unit of local government, which term means a municipality, . . . is authorized to accept payment by use of credit cards, charge cards, and bank debit cards for financial obligations that are owing to such unit of local government and to surcharge the person who uses a credit card, charge card, or bank debit card in payment of taxes, license fees, tuition, fines, civil penalties, court-ordered payments, or court costs, or other statutorily prescribed revenues an amount sufficient to pay the service fee charges by the financial institution, . . . or credit card company for such services. . . ."[3]
Accordingly, section 501.0117, Florida Statutes, does not prohibit municipal utilities from imposing a surcharge for credit card payments. It is my opinion that section 215.322, Florida Statutes, rather than section 501.0117, Florida Statutes, regulates the acceptance of credit cards by municipalities for payment of the financial obligations set forth in the statute.
[1] Section 501.0117(2), Fla. Stat.
[2] See Duval County v. Charleston Lumber Manufacturing Co.,33 So. 531 (Fla. 1903) (county not subject to garnishment proceeding unless made so by express statutory provision); State v. Peninsular TelephoneCo., 75 So. 201 (Fla. 1917) (a city or county, being a governmental as well as a corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of former s.364.01 et seq., providing for regulation of telegraph and telephone companies by the former railroad commission); State v. Gordon BrothersConcrete, Inc., 339 So. 2d 156 (Fla. 2nd DCA 1976) (garnishment statute did not provide statutory authority for waiver of state's immunity in garnishment proceeding); and Ops. Att'y Gen. Fla. 75-170 (1975) (ordinarily the state and its agencies are not considered to be within the purview of a statute unless intention to include them is clearly manifest, as where they are expressly named therein, or they are included by necessary implication), 04-66 (2004), and 03-30 (2003).
[3] Section 215.322(5), Fla. Stat.